[L. A. No. 271.   Department One.—December 9, 1896.]

## GOLDEN CROSS MINING AND MILLING COMPANY, RESPONDENT, *v.* JAMES SPIERS ET AL., APPELLANTS.

PERSONAL ACTION — REMOVAL OF TRUSTEES OF MINING PROPERTY — INJUNCTION—ACCOUNTING—DAMAGES—PLACE OF TRIAL.—An action to remove trustees of mining property, to whom it was conveyed, with authority to work it, and pay the creditors of the grantor, and to sell it under certain contingencies, for their alleged inefficiency and mismanagement, and to enjoin a threatened sale of the property by them, and for an accounting of their trust, and for the recovery of damages for violation of the trust, and for the appointment of other trustees in their stead, is not a real, but a personal, action, which is triable in the county of the residence of the defendants; and the fact that the trust property is situated elsewhere cannot deprive the defendants of their right to the place of trial.

APPEAL from an order of the Superior Court of San Diego County denying a motion to change the place of trial.    W. L. PIERCE, Judge.

The facts are stated in the opinion of the court.

*Graves, O'Melveney & Shankland,* and *A. Heyneman,* for Appellants.

Unless within an exception to the general statute, the case, as presented, made it obligatory on the court below to change the place of trial. (Code Civ. Proc., sec· 392; *Powell* v. *Sutro,* 80 Cal. 563; *Loehr* v. *Latham,* 15 Cal. 419; *Watkins* v. *Degener,* 63 Cal. 500; *Rathgeb* v. *Tiscornia,* 66 Cal. 96; *Palmer* v. *Barclay,* 92 Cal. 199; *McSherry* v. *Pennsylvania etc. Co.,* 97 Cal. 637; *Brady* v. *Times-Mirror Co.,* 106 Cal. 58; *Griffin etc. Co.* v. *Magnolia etc. Co.,* 107 Cal. 378.)    The cause of action is purely and solely personal in its character, and therefore cannot be brought within any one of the exceptions to the general statute, which requires an action to be tried in the county of defendants.

*Jefferson Chandler, Gibson & Titus,* and *Ben Goodrich,* for Respondent.

This suit, in its widest expanse, embraces nothing but the real estate described in the complaint, and the rents, issues, and profits thereof (*Pollock* v. *Farmers' etc Co.,* 157 U. S. 429), and is essentially a local action. (*Franklin* v. *Dutton,* 79 Cal. 605; *Sloss* v. *De Toro,* 77 Cal. 129; *Baker* v. *Fireman's Fund Ins. Co.,* 73 Cal. 182; *Fish* v. *Fowlie,* 58 Cal. 373; *Melton* v. *Lambard,* 51 Cal. 258; Civ. Code, sec. 1091; *Leese* v. *Clark,* 20 Cal. 388; *Drinkhouse* v. *Spring Valley Waterworks,* 80 Cal. 309; *Campbell* v. *West,* 86 Cal. 197; *Urton* v. *Woolsey,* 87 Cal. 38; *Security Loan etc. Co.* v. *Kauffman,* 108 Cal. 222; *Fritts* v. *Camp,* 94 Cal. 393; *Pacific Yacht Club* v. *Sausalito etc. Co.,* 98 Cal. 488.)

Harrison, J.—The plaintiff executed to the defendants, January 4, 1896, a conveyance of certain real and personal property, consisting of mining ground, with the materials and implements for working the same, situated in the county of San Diego, in trust as security for certain indebtedness, and with authority to develop and work the mines, and, out of their proceeds, after paying the expenses of working and managing the same, to pay the creditors of the plaintiff in proportion to their respective claims. It was also provided in the instrument of conveyance that if, after a fair trial and *bona fide* effort, it should, in the opinion of the defendants, become impracticable to operate said mining property according to the terms of the trust, except at a permanent loss, they might so declare, and thereupon make a peremptory sale of the same at public auction, and apply the proceeds in a certain manner specified in the instrument. The defendants entered into possession of the property, and, after working and developing the same for more than three months, on April 22, 1896, declared that it was impracticable to operate it according to the terms of the trust, except at a permanent loss, and thereupon advertised it for sale, in accordance with the provisions therefor in the instrument under which it had been conveyed to them. The plaintiff thereupon commenced the present action against them in the superior court of the county of San Diego, alleging their inefficiency and mismanagement in operating the mining property; that, by reason of their extravagance and waste, great and unnecessary expense had been created by them during their management, and that the property itself had deteriorated in value; that the property is valuable, and, by judicious management, can be made to yield sufficient returns to pay all the indebtedness for which it was given as security; that the defendants have not given the property a fair trial, or made a *bona fide* effort to operate it profitably; and that the sale intended by them would be arbitrary and in violation of their

trust, and that its announcement has itself had the effect to injure the value of the property; and that, by reason of their misconduct, the plaintiff has been damaged in the sum of one hundred and fifty thousand dollars. Judgment was prayed that the defendants be enjoined from selling the property, and that an account of their trust be taken, and they be removed from said trust, and new trustees appointed by the court to execute the same, and that the plaintiff have judgment for damages against them in the sum of one hundred and fifty thousand dollars. Of the defendants, four reside in Los Angeles and two in San Francisco, and, at the time of their appearance in the action, upon proper showing therefor, moved the court that the place of trial be changed from the county of San Diego to the county of Los Angeles. The court denied their motion, and from this order the present appeal has been taken.

Section 392 of the Code of Civil Procedure enumerates as local actions which must be tried in the county in which the subject of the action or some part thereof is situated: "1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property; 2. For partition of real property; 3. For the foreclosure of all liens and mortgages on real property"; and section 395 requires that in "all other cases" (except those named in sections 393 and 394, which are inapplicable here), the action must be tried in the county in which the defendants, or some of them, reside at the commencement of the action.

The present action does not fall within either of the classes enumerated in section 392, but is eminently a personal action, in which the judgment sought is purely one *in personam*. The main object of the action, as appears by the allegations of the complaint and the judgment sought thereon, is the removal of the defendants as trustees, by reason of their inefficiency and mismanagement of the trust, and the appointment of other

trustees in their stead. It is only when there is no existing trustee, or when all the trustees renounce, die, or are discharged, that the appointment of another trustee is to be made by the superior court of the county where the trust property, or some portion thereof, is situated. (Civ. Code, sec. 2289.) An action to remove a defendant from his position as trustee is personal, and one in which he has the right to have the cause tried in the county of his residence, as is any other personal action. The fact that the property held by him in trust is situated elsewhere does not deprive him of this right. (See *Smith* v. *Davis*, 90 Cal. 25; 25 Am. St. Rep. 92.)

The injunction against the threatened sale by the defendants, and the prayer for an accounting, are but incidental to this relief, and are dependent thereon. Even if an injunction was the sole relief sought by the plaintiff, the action would still be personal, which the defendants would have the right to have tried in the county of their residence. The plaintiff does not claim any damages for a physical injury to the mining ground itself, but the damages for which it seeks a recovery are for the depreciation in the market value of the property consequent upon the misconduct of the defendants, and the loss resulting from their neglect and willful mismanagement, and their inefficiency in the execution of the trust.

The order is reversed.

Van Fleet, J., and Garoutte, J., concurred.

Hearing in Bank denied.