[Civ. No. 2429. Second Appellate District, Division One.—November 21, 1919.]

LILLIAN A. WARD, Respondent, v. ELIZABETH LYMAN ANDREWS, Administratrix, etc., Appellant.

[1] AGENCY — GRATUITOUS AGENT — DUTY TOWARD PRINCIPAL.—A gratuitous agent is bound to use the same degree of good faith toward his principal as an agent for compensation.

[2] ID.—RIGHT OF AGENT TO MAKE PROFIT.—An agent, while dealing for his principal, cannot make any profit for himself out of the transaction being conducted by him.

———

2. Right of principal to recover from agent commissions which latter received from other party to contract, note, 28 L. R. A. (N. S.) 952.

[3] ID.—ACTION TO RECOVER SECRET PROFITS—ADMISSION OF AGENCY IN ANSWER—REFUSAL OF PERMISSION TO STRIKE OUT—DISCRETION OF COURT.—In this action to recover a given sum of money alleged to have been received by the defendant as a secret profit in a transaction wherein he was acting as agent for the plaintiff, the defendant in his testimony having denied that he had assumed the confidential relation of agent toward the plaintiff, the court acted within its discretion in refusing the defendant leave, both at the opening and close of the trial, to strike from his answer an allegation that "by the employment of his skill, knowledge and experience and acting in behalf of plaintiff, he induced the owner of said furniture and furnishings to accept" a stated sum of money.

[4] ID.—EVIDENCE—SUBSEQUENT ADMISSIONS OF DEFENDANT TO THIRD PERSON.—In such action, testimony of a third person which referred to a conversation had with the defendant a considerable time subsequent to the purchase of the lodging-house, but which was corroborative of the fact, as claimed by the plaintiff, that she was being guided by the advice of the defendant, all of which was relative to the question of the claimed agency relationship, was competent, even though not entitled to great weight.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Griffith Jones, James W. Bell, W. J. Ford and Warren L. Williams for Appellant.

Constan Jensen for Respondent.

JAMES, J.—Appeal from a judgment entered in favor of the plaintiff. The action was brought to recover the sum of one thousand dollars. Plaintiff, in her complaint, alleged facts showing that the defendant, while acting as her agent in negotiating for the purchase of certain furniture, furnishings, and lease of an apartment house, made a profit of the sum mentioned without her knowledge or approval. The facts alleged show that the agency was gratuitous; that plaintiff was a widow, and that defendant had been a friend of her late husband and herself. The allegations were, in part, as follows: "That defendant at all said times stated and represented to plaintiff that he was her friend and had been the friend of her deceased husband; that he was engaged in the real estate and apartment house brokerage

business and had had many years' experience in such business; that by reason of such friendship and such experience he could and would aid plaintiff in investing her money in the manner she stated, as aforesaid, and could and would do so without receiving or expecting any compensation from plaintiff therefor." The undisputed evidence showed that defendant did negotiate for the purchase of furniture, furnishings, and lease of an apartment house, and that a deal was consummated whereby plaintiff became the owner of the same at a price of twelve thousand dollars. The first price made by the owner of the place was twelve thousand five hundred dollars. The owner took up the matter of paying a commission with the defendant and they finally agreed upon a price of twelve thousand dollars, out of which defendant was to receive, and did receive, the sum of one thousand dollars. Upon making discovery that the defendant had been paid the amount mentioned, plaintiff brought this action.

The court made findings in accordance with the facts alleged, and it may be said that there was ample evidence to show that defendant assumed the duties of an agent toward the plaintiff. There was evidence also showing that the defendant, after the deal was consummated, had made statements to third persons to the effect that he had made no profit on the deal. In his own testimony the defendant, while admitting his friendship and acquaintance with the plaintiff and her deceased husband, denied that he had assumed the confidential relation of agent toward the plaintiff. This testimony, however, merely presented a conflict in the evidence which the trial judge had the duty to resolve and as to which conflict this court can have no concern. [1] That a gratuitous agent is bound to use the same degree of good faith toward his principal as an agent for compensation is clearly settled beyond any room for dispute. Mr. Mechem, in his work on Agency, second edition, at paragraph 1223 et seq., restates the rule and cites authorities thereunder. We quote from paragraph 1226 of the same work: "In accordance with this rule, where one who while pretending to act as the agent of the purchaser of certain real estate, was in reality acting as the agent of the seller, and received as his compensation from the seller a note given by the purchaser as part of the purchase price,

it was held that he should be restrained from enforcing payment of the note, and that it should be delivered up and canceled." [2] A number of illustrations are given by the text-writer, all of which are in harmony with the invariable rule that an agent cannot, while dealing for his principal, make any profit for himself out of the transaction being conducted by him.

Appellant makes the point that the complaint fails to state a cause of action, but, as we have already said, we think the allegations, while perhaps needlessly prolix, were sufficient to show that the obligation assumed by the defendant was that of an agent.

[3] The defendant, in his answer, alleged in one of the paragraphs that "by the employment of his skill, knowledge, and experience and acting in behalf of plaintiff, he induced the owner of said furniture and furnishings to accept the sum of twelve thousand dollars." Both at the opening and close of the trial a motion was made by the defendant to amend the answer by striking out this clause, which the court refused to allow to be done. At the point in the proceedings where this motion to amend was made, the court undoubtedly had discretion to refuse the leave asked for.

Another alleged error is predicated upon the fact that plaintiff was allowed to testify to a conversation that occurred between her husband and the defendant at the time of the husband's last illness. In this regard the witness stated: "The conversation was just simply that he asked Mr. Andrews to look after my affairs and Mr. Andrews consented." While the answer was objectionable as being expressive of the conclusion of the witness, at the same time the witness was fully cross-examined as to the conversation that there occurred, and we think the error of the court in refusing to strike out the statement was not so prejudicial as to require a reversal for that reason alone.

[4] We think that the testimony given by Carl Bronson, which referred to a conversation he had had with the defendant a considerable time subsequent to the purchase of the lodging-house, was competent, even though not entitled to great weight. It was corroborative of the fact, as claimed by the plaintiff, that she was being guided by the advice of the defendant. Were we to concede that the rulings of the court in admitting this and refusing other testi-

mony constituted error, we would still not be warranted in concluding, in view of the evidence which amply sustains the findings of the court, that a miscarriage of justice has resulted.

For the reasons given, the judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 19, 1920.

All the Justices concurred.