[Civ. No. 7243. First Appellate District, Division One.—May 10, 1932.]

LAVINA SPANGENBERG, an Incompetent Person, etc., Appellant, v. FERNANDO SPANGENBERG, Respondent.

George F. Witter for Appellant.

Carl Westerfeld for Respondent.

JOHNSON, J., *pro tem.*—This is an appeal by plaintiff from an order granting change of place of trial from the city and county of San Francisco, where the action was begun, to the county of Los Angeles, the place of residence of the defendant.

Some technical objections to the moving papers are made by plaintiff, but the irregularities mentioned are of little moment.

The notice of motion, instead of naming a definite date for the hearing, stated that the defendant would move the court for the desired order "at a date and time to be fixed by the Clerk". This notice bears date of June 4, 1929; and on June 7th, the attorney for the defendant informed the attorney for the plaintiff by letter that the matter had been placed on the motion calendar for hearing on June 10, 1929, at 10 o'clock. The hearing appears to have been continued to June 17th, at which time plaintiff's attorney was present, and filed an affidavit of plaintiff's guardian in opposition to the motion. After hearing from both parties, the court took the matter under submission, and on July 5th granted the motion. Since plaintiff was

represented by counsel at the hearing and contested the application on the merits, no prejudice was suffered and any irregularity in the form of notice was waived. (18 Cal. Jur. 652.)

■ There is criticism also of the defendant's affidavit of merits, which recited that defendant had "fully and fairly stated all of the facts of this case to his counsel, Carl Westerfeld, Esq., attorney at law, duly admitted to practice in all the courts of the State of California, and that affiant has been and is advised by his said attorney and he verily believes that he has a good, legal and valid defense to said action on the merits".

It is charged that the affidavit was cunningly devised to convey an impression, without stating as a fact, that it was defendant's attorney who had advised defendant that he had a good defense on the merits, and that defendant's belief in a meritorious defense might have been predicated on nonprofessional advice.

This criticism is rather too astute. The typewriter, as commonly operated, has made punctuation of legal papers a lost art; but if the words, "and he verily believes", were embraced within commas, it would clearly appear that not only was the affiant declaring that he believed that he had a good defense on the merits, but that he had been so advised by his attorney. The law prescribes no statutory form of affidavit; and in New York an affidavit has been held to be sufficient, notwithstanding omission to state that the advice of counsel was given after the statement of facts by the client. (*Brown* v. *Seys,* 2 How. Pr. (N. Y.) 276.) In that case the affidavit did not differ substantially from the one under attack here; and our conclusion is that an adequate foundation was laid for defendant's motion.

Plaintiff contends further that the nature of the action makes San Francisco the proper place for trial, irrespective of defendant's residence.

The plaintiff, Lavina Spangenberg, has been an inmate of the State Hospital at Agnews since 1895; and being mentally incompetent, she is represented in the action by one of her brothers as guardian of her estate. The defendant is another brother; and the complaint, which is in two counts, seeks the recovery of money or property represent-

ing trust funds alleged to have been received by the defendant for the benefit of plaintiff, and to have been appropriated to the defendant's own use.

The first count alleges that by virtue of the provisions of a will executed by the mother of the parties, who died in San Francisco in 1898, a fund of $390 came into the possession of the defendant as trustee, to be invested for the care, maintenance and benefit of plaintiff. It is further charged that the defendant has refused to render any account of his trust, and has so used the money to his own advantage that he has accumulated therewith valuable property to plaintiff's damage in the sum of at least $2,000.

The second count alleges that in 1902 the father of the parties caused the sum of $1,000 to be placed in the hands of defendant in trust for plaintiff, to be invested and managed for her maintenance, support and benefit; and further avers that this fund has likewise been appropriated by defendant to his own use, to such effect that he has accumulated therewith valuable property to plaintiff's damage in the sum of at least $8,000.

The prayer of the complaint is that defendant be required to render an account of the trusts alleged, and that plaintiff have judgment for at least $10,000.

The plaintiff contends that San Francisco is the proper place for trial of the cause alleged in the first count, upon the ground that in the mother's will defendant was named as executor and also as trustee for plaintiff, and that the property having been in San Francisco and there received by defendant, the rules governing jurisdiction in matters of probate should control. There is, however, nothing in the record to show where the property in question was either located or received; and in the affidavit filed by plaintiff's guardian in opposition to the motion for change of venue, it is averred that while the will of the mother was read to the other children by the defendant, it was never admitted to probate.

There is nothing in the record to show that any probate proceeding is pending; and neither count of the complaint in any way initiates a proceeding *in rem*. The action as a whole is merely one to bring to account a defendant charged with dereliction in the administration of certain express trusts. Such actions are transitory, and under section 395

of the Code of Civil Procedure are triable in the county of the defendant's residence. (*Golden Cross Min. etc. Co.* v. *Spiers,* 115 Cal. 247, 250 [47 Pac. 108]; *Nason* v. *Feldhusen,* 34 Cal. App. 789, 795 [168 Pac. 1162]; *More* v. *Superior Court,* 64 Cal. 345 [28 Pac. 117].)

Plaintiff advances the further contention, however, that the defendant is charged in both counts with conversion of trust property, and that under section 395 the action is to be treated as one for injury to property, and therefore triable at plaintiff's election in the county where injury occurred. Apparently plaintiff misconceives the applicability of the clause invoked. The words "injury to person or property" are limited to physical or corporeal injury (25 Cal. Jur. 869); and conversion is not that sort of injury. (*Mason* v. *Buck,* 99 Cal. App. 219, 221 [278 Pac. 461].)

An additional ground urged for reversal of the order is that as defendant was named as executor in the mother's will, the plaintiff is entitled to have the case tried against defendant as a public officer under subdivision 2 of section 393 of the Code of Civil Procedure. But executors are not public officers within the meaning of that section, and they have no official residence. (*Thompson* v. *Wood,* 115 Cal. 301 [47 Pac. 50].) Moreover, the affidavit of plaintiff's guardian stated that the will had never been admitted to probate.

The residence of the defendant being admittedly in the county of Los Angeles, it is his right under section 395 to have the action tried there.

The order changing the place of trial is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.