[S. F. No. 15777. In Bank.—March 16, 1937.]

FRANCES B. WALKER et al., Respondents, v. WELLS FARGO BANK & UNION TRUST COMPANY (a Corporation) et al., Appellants.

448

Archibald B. Tinning, Tinning & De Lap, Lloyd W. Dinkelspiel, Richard E. Guggenhime and Heller, Ehrman, White & McAuliffe for Appellants.

McAdoo, Neblett & Warner, Wm. H. Neblett, Harry W. Dudley and Allan H. McCurdy for Respondents.

WASTE, C. J.—Some twelve years after defendants had been appointed in Contra Costa County trustees of a testamentary trust, this action was commenced therein to have them removed and for an accounting. The individual defendant joined with the corporate defendant in moving the court below for a change of venue to San Francisco County, the principal place of business or "residence" of the corporate defendant. Pending this court's disposition of an appeal from the order denying their motion, the defendants seek a writ of *supersedeas*. ▮ Under the provisions of section 949 of the Code of Civil Procedure an appeal from an order denying a change of venue does not stay proceedings in the absence of such a writ.

▮ The issuance of a *supersedeas* is a discretionary matter and is justified only when there is a showing that substantial questions will be presented upon the appeal from an order denying change of venue. (*Bardwell* v. *Turner,* 219 Cal. 228, 229 [25 Pac. (2d) 978]; *McKenzie* v. *Los Angeles Life Ins. Co.,* 88 Cal. App. 259 [263 Pac. 338].) Examination of the briefs discloses that such a showing has been here made. In fact, respondents "concede" for the purposes of this hearing "that a substantial legal question will be presented by [the] appeal".

▮ An action to remove a trustee and for an accounting is personal in character and triable in the county of the residence of the defendant and even the presence of the trust property elsewhere cannot deprive the defendant of his right to place of trial. (*Golden Cross M. & M. Co.* v. *Spiers,* 115 Cal. 247, 250 [47 Pac. 108]; *Spangenberg* v. *Spangenberg,* 123 Cal. App. 387, 390, 391 [11 Pac. (2d) 408].) Therefore, in response to their joint motion, the defendants were entitled to a change of venue to the "residence" of the corporate defendant unless the action was commenced in one of the other several places wherein corporations may be sued, as provided in section 16 of article XII of the Constitution. Briefly, that section declares that a corporation may be sued where the contract is made or is to be performed, or where the obligation or liability arises, or where the breach occurs, or in the county of its principal place of business.

▮ The language of this constitutional provision that a corporation "may be sued" in any one of the several desig-

nated places has been held to mean not merely that an action may be commenced but that it may be prosecuted to judgment in any one of said several places, unless the corporate defendant can allege and show some sufficient ground for a change of the place of trial other than the mere fact that the principal place of business or "residence" of the corporation is in another county. (*McDuffie* v. *California T. Land Corp.,* 138 Cal. App. 245, 247 [32 Pac. (2d) 385] ; *Cook* v. *Ray Mfg. Co.,* 159 Cal. 694 [115 Pac. 318].)

█ Our examination of the briefs and the authorities reveals that a substantial question will be presented by the appeal as to whether the action for removal, having been brought in the same county where the defendants many years previously had been appointed trustees, may not have been commenced where the obligation or liability arose or where the breach occurred or in any one of the places designated in the Constitution, other than the "residence" of the corporate defendant, as proper for suit against a corporation. If not so commenced, the motion for change of venue should have been granted. This is a question that must be decided when the appeal is heard on the merits. To decide it now would render the appeal moot. In view of the substantial nature of the question involved on the appeal, a *supersedeas* appears proper in this cause.

Let the writ issue as prayed.

Thompson, J., Shenk, J., Seawell, J., Edmonds, J., Curtis, J., and Langdon, J., concurred.