[Civ. No. 27281. Second Dist., Div. One. Dec. 2, 1963.]

NICHOLAS RODES, Plaintiff and Appellant, v. IRENE SHANNON, Defendant and Respondent.

Fainer & Steele and Jerrell Babb for Plaintiff and Appellant.

Rager & Olio and Henry F. Rager for Defendant and Respondent.

FOURT, J.—This is an appeal by the plaintiff from a judgment which decreed among other things that he should not be entitled to damages or specific performance of a contract with reference to the purchase of certain real property.

A résumé of some of the facts is as follows:

Plaintiff, a licensed real estate broker, maintained an office in the Lancaster area where he conducted his business. He had been in the area for many years and was familiar and acquainted with properties in the vicinity which were being purchased and sold. The defendant owned a parcel of real property which was located in the Lancaster-Antelope Valley area. Prior to March 6, 1958, the defendant had listed her property (consisting of approximately 6 acres) with the plaintiff for sale at a price of $6,500. It may be assumed that the plaintiff made at least some effort to sell the defendant's property at the price quoted. By reason of a favor which had been performed by the defendant for the plaintiff previously, plaintiff had indicated that he would not charge her the usual real estate broker's commission if he sold her property. Plaintiff later in talking with the defendant told her it would be better for her to sell her property for $2,500 and to get rid of it. He indicated to her that she could get $2,500 for the property and finally after some considerable persuasion she consented to sell the real property for such a figure. The so-called purchaser obtained by the plaintiff was Blanche Nelson, an employee in his office. In fact Blanche Nelson had no intention of purchasing the property but was acting solely for the plaintiff, her employer. An escrow was entered into at the Bank of America, Lancaster Branch, between defendant

and Blanche Nelson on March 6, 1958, for the sale of the property for the sum of $2,500. Blanche Nelson, shortly after the escrow was opened, assigned her interest in the same to the plaintiff. While the escrow above mentioned was pending, plaintiff entered into another escrow to sell the same real property to persons by the name of Diaz for the sum of $6,500. There was no change in the character of the property from March 6, 1958, to April 1, 1958, and there were no changes of any importance within the area in which the property was located. The second escrow (between plaintiff and the Diazes) had a provision therein to the effect that the sale was contingent upon the sale between defendant and Blanche Nelson being concluded.

It must be admitted that Rodes was in fact the principal in both transactions. The complaint charged that the defendant had entered into a written contract whereby she had agreed to sell the property for the sum mentioned ($2,500), that he had done everything which was legally required of him under the contract, that by the terms of the contract he was entitled to the possession of the real property on or before April 6, 1958, but that defendant refused to perform, that he was a real estate broker which she knew, that he had acquired the claim sued upon and the real property for the purposes of resale and that he had a purchaser ready, willing and able to purchase the same on or before April 6, 1958, at a profit to plaintiff and he asked for damages and specific performance.

The answer in effect generally denied the allegations of the amended complaint. In the joint pretrial conference memorandum the plaintiff sets forth among other things under the heading of ''contentions of the plaintiff'' that ''the plaintiff ... contends that defendant knew that he had a buyer for the said property and was opening an escrow concurrently with the escrow in which she was interested, for the purpose of effectuating the resale.'' This would seem to indicate without question that the plaintiff knew at the time of his dealing with the defendant that he intended to and was at that time ''effectuating the resale'' of the property in question.

Among the contentions of the defendant as set forth in a ''joint pre-trial statement'' were the following ''that the sales price was $2500.00; that plaintiff told defendant the fair value of the property was $2500.00; that defendant relied on said statement; that at said time the fair value of said property was $7500.00; that at said time Blanche Nelson

was an undisclosed dummy acting for plaintiff; that plaintiff had a secret sale pending to sell said property for approximately $6500.00; that defendant ascertained the true value of said property after opening the escrow and then immediately cancelled the escrow; and that the escrow was not completed within the prescribed time and was properly cancelled by defendant."

The trial court made findings two of which are set forth in the footnote hereto.[1] Thereafter a judgment was awarded to the defendant that plaintiff take nothing by his amended complaint.

Appellant now argues that the court erroneously made findings with reference to the matter of the breach of the fiduciary relationship between himself and the defendant because, as he now asserts, such activity on his part was not at issue.

We think that the pretrial order clearly puts in issue the very matter about which plaintiff now complains. A reading of the reporter's transcript demonstrates that there was ample testimony in the evidence from which the court could draw the necessary inferences and conclusions to find and determine as it did.

---

[1] "VI

"Finds as true that at the time of the making of said contract that plaintiff was the true and real buyer of said real property and that the said assignor, Blanche Nelson, was not acting for herself but was in truth and in fact acting for Nicholas Rodes, the plaintiff, in the purchase of said property; that plaintiff did shortly after the execution of the contract referred to as Exhibit 'A' in the amended complaint contract to sell the said real property agreed to be purchased from the defendant for the sum of $6500.00; that plaintiff did not advise the defendant of the existence of said subsequent sale or the terms and provisions thereof; that plaintiff had, previous to the execution of said Exhibit 'A', acted as a real estate broker for defendant in attempting to find a purchaser for said real property.

"VII

"Finds as true that there existed between the plaintiff and the defendant the relationship of broker and principal; that said relationship constituted the plaintiff a fiduciary and trustee as to the defendant; that the plaintiff had imposed upon him a duty of acting in the highest good faith towards his principal, the defendant; that the plaintiff had the obligation of disclosing all the facts in connection with which he was employed, to not take unfair advantage of the defendant and plaintiff was under an obligation to disclose to the defendant the fact of said subsequent sale made during the escrow of the said real property; finds as true that the plaintiff violated all of the obligations herein set out and did not disclose the facts required by him to be disclosed to plaintiff and violated his fiduciary trust as to the defendant."

As to the value of the property the defendant owner testified that in her opinion the property was worth $6,500. Admittedly within 24 days after the plaintiff made his agreement with the defendant, through a dummy in his own office to purchase the property for the sum of $2,500, he made a resale of the property to the Diazes for $6,500.

Plaintiff was the agent of the defendant in the transaction. An agent is a fiduciary. His obligation of diligent and faithful service is the same as that imposed upon a trustee. (Civ. Code, § 2322, subd. 3; Rest., Agency, § 13; *Kinert* v. *Wright* (1947) 81 Cal.App.2d 919, 925 [185 P.2d 364] [secret profit]; *Sands* v. *Eagle Oil & Ref. Co.* (1948) 83 Cal.App.2d 312, 318 [188 P.2d 782] [secret profit]; *Estate of Arbuckle* (1950) 98 Cal.App.2d 562, 569 [220 P.2d 950, 23 A.L.R.2d 372], [destruction of principal's will entrusted to his care; held will destroyed by fraud (constructive) within the meaning of Prob. Code, § 350]; *Adams* v. *Herman* (1951) 106 Cal.App.2d 92, 98 [234 P.2d 695]; *Store of Happiness* v. *Carmona & Allen, Inc.* (1957) 152 Cal.App.2d 266 [312 P.2d 1104].) See sections 28, 29 and 30 of 1 Witkin, Summary of California Law, Agency, wherein it is stated in part:

"[28] General Principles

"An agent has no right to obtain an interest adverse to his principal. He will therefore not be allowed to deal with the subject matter of the agency without a full disclosure of the facts. (See Rest., Agency, §§ 387, 388, 390.) And if he makes any secret profits from his agency the principal can recover them. (*Thomas* v. *Snyder* (1931) 114 Cal.App. 397 [300 P. 117]; *Schwarting* v. *Artel* (1940) 40 Cal.App.2d 433 [105 P.2d 380]; *Thompson* v. *Stoakes* (1941) 46 Cal.App.2d 285 [115 P.2d 830]; *Anderson* v. *Thacker* (1946) 76 Cal.App.2d 50, 65 [172 P.2d 533]; *Savage* v. *Mayer* (1949) 33 Cal.2d 548 [203 P.2d 9]; *Adams* v. *Herman* (1951) 106 Cal.App.2d 92, 98 [234 P.2d 695]; *Crogan* v. *Metz* (1956) 47 Cal.2d 398, 404 [303 P.2d 1029]; *Sears, Roebuck & Co.* v. *Blade* (1956) 139 Cal.App.2d 580, 590 [294 P.2d 140]; *Store of Happiness* v. *Carmona & Allen, Inc.* (1957) 152 Cal.App.2d 268 [312 P.2d 1104]; Rest., Agency § 388; 2 Stan.L.Rev. 574; 1944 A.S. 620; 1956 A.S. 253; 13 A.L.R. 905; 71 A.L.R. 933; 126 A.L.R. 1357; see *infra*, § 29 et seq.) But if he acts in good faith, fully disclosing all material facts, he may enter into a valid transaction with his principal for an adequate consideration. (*Helbing* v. *Helbing* (1948) 89 Cal.App.2d 224 [200

P.2d 560] ; *Stevens* v. *Hutton* (1945) 71 Cal.App.2d 676 [163 P.2d 479].)

" . . . . . . . . . . . .

" [29] Personal purchase by Purchasing Agent

"Under the general rule against self-dealing by a fiduciary, an agent authorized to purchase certain property for his principal cannot purchase it for himself instead. (See *Sands* v. *Eagle Oil & Ref. Co.* (1948) 83 Cal.App.2d 312, 320 [188 P.2d 782] ; 1947 A.S. 609 ; 20 A.L.R.2d 1140.)

" . . . . . . . . . . .

" [30] Personal Purchase by Selling Agent

" (1) General Rule. If an agent with authority to sell property buys it himself, the burden is upon him to show that the transaction was proper in all respects. The principal may avoid it if there is any unfairness, even though the price is not inadequate. (*Williams* v. *Lockwood* (1917) 175 Cal. 598 [166 P. 587] ; *Silver* v. *Logue* (1932) 127 Cal.App. 565 [16 P.2d 183] ; *Young* v. *Young Holdings Corp.* (1938) 27 Cal.App.2d 129, 148 [80 P.2d 723] ; *Cisco* v. *Van Lew* (1943) 60 Cal.App.2d 575, 584 [141 P.2d 433].) . . . . "

A gratuitous agent insofar as exercising good faith is concerned is to be held to the same obligation as any other agent. (*McPhetridge* v. *Smith* (1929) 101 Cal.App. 122 [281 P. 419] ; *Ward* v. *Andrews* (1919) 44 Cal.App. 390 [186 P. 605] ; *Brand* v. *Mantor* (1935) 6 Cal.App.2d 126 [44 P.2d 390] ; *Webb* v. *Saunders* (1949) 89 Cal.App.2d 732, 736 [201 P.2d 816] [utmost good faith required] ; *Ramey* v. *Myers* (1952) 111 Cal.App.2d 679, 685 [245 P.2d 360] [liable for secret profits].)

Restatement, Agency, section 390, states in part:

"One employed as agent violates no duty to the principal by acting for his own benefit if he makes a full disclosure of the facts to an acquiescent principal and takes no unfair advantage of him. Before dealing with the principal on his own account, however, an agent has a duty, not only to make no misstatements of fact, but also to disclose to the principal all relevant facts fully and completely. A fact is relevant if it is one which the agent should realize would be likely to affect the judgment of the principal in giving his consent to the agent to enter into the particular transaction on the specific terms. Hence, the disclosure must include not only the fact that the agent is acting on his own account (see § 389), but also all other facts which he should realize have or are likely to have a bearing upon the desirability of the transaction

from the viewpoint of the principal. This includes, in the case of sales to him by the principal, not only the price which can be obtained, but also all facts affecting the desirability of sale, such as the likelihood of a higher price being obtained later, the possibilities of dealing with the property in another way, and all other matters which a disinterested and skillful agent advising the principal would think reasonably relevant.

''If the principal has limited business experience, an agent cannot properly fail to give such information merely because the principal says he does not care for it; the agent's duty of fair dealing is satisfied only if he reasonably believes that the principal understands the implications of the transaction. . . .

''The agent must not take advantage of his position to persuade the principal into making a hard or improvident bargain. If the agent is one upon whom the principal naturally would rely for advice, the fact that the agent discloses that he is acting as an adverse party does not relieve him from the duty of giving the principal impartial advice based upon a carefully formed judgment as to the principal's interests. If he cannot or does not wish to do so, he has a duty to see that the principal secures the advice of a competent and disinterested third person. An agent who is in a close confidential relation to the principal, such as a family attorney, has the burden of proving that a substantial gift to him was not the result of undue influence. Even though an agent employed to sell is not in such a position, payment of less than the reasonable market value for property he buys from the principal is evidence that the bargain was unfair. If the principal is not in a dependent position, however, and the agent fully performs his duties of disclosure, a transaction of purchase and sale between them is not voidable merely because the principal receives an inadequate price or pays too great a price.''

The principal may rescind a sale of her property concluded by an agent to himself (as here) unless the agent has fully disclosed to her as the principal that he was in fact the purchaser, and a showing of actual damages by her is not required as a condition to rescission under such circumstances. (*Burke* v. *Bours,* 92 Cal. 108, 112-113 [28 P. 57]; *Sterling* v. *Smith,* 97 Cal. 343, 347 [32 P. 320]; *Curry* v. *King,* 6 Cal.App. 568, 574, 575 [92 P. 662]; *Butler* v. *Agnew,* 9 Cal. App. 327, 331-332 [99 P. 395]; *Newell-Murdoch Realty Co.* v. *Wickham,* 183 Cal. 39, 43-45 [190 P. 359]; *Silver* v. *Logue,*

127 Cal.App. 565 [16 P.2d 183]; *Sands* v. *Eagle Oil & Ref. Co.*, 83 Cal.App.2d 312, 320 [188 P.2d 782].)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.