[Civ. No. 21677. First Dist., Div. Three. Dec. 31, 1963.]

HOLLY RE JACKSON, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; KATHLEEN KELLY YOUNG, et al., Real Parties in Interest.

Franklin P. Jackson and Eisner & Titchell for Petitioner.

No appearance for Respondent.

Clarence A. Rogers and Rogers & Wilcox for Real Parties in Interest.

DRAPER, P. J.—Petitioner is the sole defendant in an action seeking her removal as trustee of a testamentary trust. Complaint was filed in San Francisco, and petitioner moved for change of venue to Orange County, where she lives. The motion was denied, and petitioner seeks mandamus (Code Civ. Proc., § 400). Decree of final distribution appointing the trustees was entered in San Luis Obispo County, but the proceeding was thereafter transferred to San Francisco, and

jurisdiction of the trust has since been exercised by the probate court of that city and county.

An action to remove a trustee is personal in character, and is triable in the county of defendant's residence, even though the trust property or the court supervising its administration is elsewhere (*Walker* v. *Wells Fargo Bank etc. Co.,* 8 Cal.2d 447 [65 P.2d 1299]). This case differs from Walker in that no accounting is here sought. But the action seems equally transitory when removal only is sought (see *Golden Cross Mining etc. Co.* v. *Spiers,* 115 Cal. 247, 250-251 [47 P. 108]).

The real party in interest argues that this action is triable in San Francisco because it is upon an obligation which petitioner has "contracted to perform" and which was incurred in that county. Even if the action were held to be on contract, it is not founded upon an "obligation" undertaken by petitioner. It seeks only her removal, i.e., a determination that she shall not act as a trustee in the future. The cause of action stated is transitory in nature.

Let peremptory writ of mandate issue, directing the trial court to grant petitioner's motion for change of venue.

Salsman, J., and Devine, J., concurred.