Steven NICOL, Plaintiff—Appellee,

v.

George VILLAR; Advanced Systems ADC, Inc., a New York Corporation, Defendants,

Thompson and Ward Leasing Co., Inc., an Ohio Corporation; Clarence Foster, Defendants—Appellants.

No. 04–15166.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 20, 2005.*

Decided Dec. 23, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Blaine L. Fields, Esq., San Jose, CA, for Plaintiff–Appellee.

Steven A. Simons, Esq., Granada Hills, CA, for Defendants–Appellants.

Before KOZINSKI and FERNANDEZ, Circuit Judges, and HATTER, District Judge.**

## MEMORANDUM ***

Appellants' first issue is whether "the District Court err[ed] in finding Appellants liable for the fraud of a third party where such liability was predicated on for [sic] breach of a gratuitous, alleged verbal contract." However, the district court made no such finding. The district court's finding in connection with Nicol's fraud claim was that Foster was liable because of his own misstatements.

Appellants' second issue is whether "the District Court err[ed] in finding that Appellants were principals in the purchase agreement between Villar and Nicol." However, the district court, again, made no such finding. The only contract that the district court found was a contract between Nicol and Foster. The district court made no findings regarding the existence of a contract between Villar and Nicol.

Appellants' third and fourth issues concern the statute of frauds. The third issue is whether the district court erred in ruling that the statute of frauds did not apply to the contract between Nicol and Foster. The fourth issue is whether the district court "err[ed] in ruling that there was an exception which excluded the application of the statute of frauds." However, the district court's rulings were merely suggestive of how it might have ruled had it granted Appellants' motion for leave to amend their answer to add an affirmative defense based on the statute of limitations. While Appellants challenge the district court's suggestion as to how it would have ruled had it granted the motion for leave to amend the answer, Appellants fail to challenge the district court's denial of their motion for leave to amend. This Circuit will ordinarily not consider matters on appeal that are not briefed. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 511 (9th Cir.2002).

Appellants' fifth issue is whether "the District Court commit[ed] an error of law in relying upon *Twin City Ins. Co. v. Philadelphia Life Ins. Co.*, 795 F.2d 1417 (9th Cir.(Or.) 1986) and *Haurat v. Superior Court for Los Angeles County*, 241 Cal. App.2d 330, 50 Cal.Rptr. 520 (2nd Dist. 1966) ... to find Appellants liable for breach of contract." When an agent violates a duty of loyalty owed to his principal, the principal has a cause of action for breach of contract as well as a cause of action for a tort. *Haurat v. Superior Court for Los Angeles County*, 241 Cal. App.2d at 334, 50 Cal.Rptr. at 523. Here, the district court found that Foster falsely

** The Honorable Terry J. Hatter, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

represented that Villar was reliable or was at least reckless in making this representation. This misrepresentation or recklessness is sufficient to establish that Foster breached the fiduciary duty he owed to Nicol. Further, the district court did not find, as asserted by Appellants, that the agency terminated after Watt failed to provide a vehicle.

Contrary to Appellants' contention, the district court's citation to *Twin City* does not appear to have been based on any misconception that the present case involves Oregon insurance law. Rather, the district court cited *Twin City* for the proposition that "[n]umerous courts in *other jurisdictions* have expressly stated that a broker or agent will be liable for breach of contract and negligence where he or she fails to exercise reasonable care." *Twin City,* 795 F.2d at 1426 (emphasis added). Immediately after that citation, the district court cited *Haurat*—a California case—which stands for the proposition that "[t]he principal has a cause of action either for a breach of contract or for a tort as a remedy for damage caused by the violation of any duty of loyalty on the part of an agent." *Haurat,* 241 Cal.App.2d at 334, 50 Cal.Rptr. at 523. The propositions in *Twin City* and *Haurat* cited by the district court have full application to the present case.

AFFIRMED