ANNA MINTZER, Plaintiff, *v.* WINDSOR LAMP MANUFACTURING Co., INC., SOL WECKER and HARRY DREXLER, Defendants.

Supreme Court, Trial Term, New York County, December 18, 1940.

*Robbins & Robbins* [*Abraham Robbins* of counsel], for the plaintiff.
*Theodore I. Welenken*, for the defendant Sol Wecker.

*Maurice Millimet,* for the defendant Harry Drexler.

No appearance for the corporate defendant.

EDER, J. Plaintiff sued upon two causes of action. The first was for alleged conversion of accounts receivable theretofore assigned to plaintiff as security for money loaned to the corporate defendant; the second cause of action was upon a guaranty executed by the individual defendants guaranteeing payment of any and all accounts receivable which were assigned. The individual defendants pleaded the Statute of Limitations as a bar to the first cause of action; this defense was sustained upon the trial of this action and the first cause of action was dismissed. Plaintiff now moves this court for a reconsideration of its decision dismissing this cause of action, asserting that the court erred in that the statute ran not from the date of conversion but from the date of discovery of the conversion; and it is stated in the moving affidavit and brief that the plaintiff did not learn of the conversion until some time in 1938.

Originally, the first cause of action was on a count for money loaned. By an order of this court, dated April 16, 1940, leave to serve an amended complaint was given " without prejudice to the defendants to plead the Statute of Limitations as a defense." The amended complaint embracing the present first cause of action for conversion was served on April 27, 1940. Upon the trial, for the purpose of simplifying the issues, it was stipulated and conceded that the earliest date of conversion occurred on November 15, 1936, and the latest date of conversion occurred on April 15, 1937. Plaintiff argues that assuming the three-year limitation is applicable, the cause of action is, nonetheless, not barred; and, as a further contention, that the ten-year period is applicable, and hence, the plaintiff's right to maintain the action is available thereunder. I am of the opinion that both claims are untenable.

Plaintiff's said cause of action being one to recover damages for an injury to property, the three-year period controls. Injury to property is defined by section 25-a of the General Construction Law as follows: " ' Injury to property ' is an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract." An action for the conversion of personal property is one involving an injury to property. (*MacDonnell* v. *Buffalo Loan, Trust & Safe Deposit Co.,* 193 N. Y. 92, affg. 119 App. Div. 245; *Damato* v. *Ambrose,* 122 N. J. L. 539; 6 A. [2d] 189, 192; *Mason* v. *Buck,* 99 Cal. App. 219; 278 P 461.) As said by the Supreme Court in the *Damato* case (*supra,* p. 191), involving conversion by an insurance agent or broker in failing to remit

insurance premiums: " Conversion constitutes ' injury ' to property within the signification of the statute."

Heretofore such an action had to be commenced within six years. The *MacDonnell* case (*supra*) is a concrete illustration. It was an action at law to recover damages for the conversion of certain negotiable bonds; the action involved the application of the Statute of Limitations (then six years); it was held that this limitation applied to such an action. Under the statute, as amended, it must now be brought within three years (Civ. Prac. Act, § 49, subd. 7; as amd. by Laws of 1936, chap. 558, in effect Sept. 1, 1936): " § 49. *Actions to be commenced within three years.* * * * 7. An action to recover damages for an *injury to property,* except in the case where a different period is expressly prescribed in this article." (Emphasis mine.)

The claim of plaintiff that assuming the three-year period to be applicable that the cause of action is yet maintainable is founded on the premise that the statute is not tolled from the date of conversion but from the date of the discovery thereof. Such a view is indicated in *Dumbadze* v. *Lignante* (244 N. Y. 1), an equitable action for an accounting, and kindred cases involving a fiduciary relationship. I see no analogy to this action at law where it was stipulated and conceded that the latest date of conversion occurred on April 15, 1937; the statement that plaintiff did not learn of the conversion until some time in 1938 is not borne out by the evidence as recalled by me. The latest date of conversion being April 15, 1937, and the amended complaint having been served on April 27, 1940, the elapsed period is, therefore, three years and twelve days and hence the cause of action for conversion is barred by the provisions of subdivision 7 of section 49 of the Civil Practice Act.

The plaintiff relies on section 53 of the Civil Practice Act, that the ten-year Statute of Limitations and not the three-year statute properly applies. This reads as follows: " An action, the limitation of which is not specifically prescribed in this article, must be commenced within ten years after the cause of action accrues." This provision has no application as subdivision 7 of section 49 of the Civil Practice Act expressly prescribes a limitation for the commencement of an action to recover damages for an injury to property. Moreover, section 53 applies to all equitable actions (*Pitcher* v. *Sutton*, 238 App. Div. 291; *Dodds* v. *McColgan*, 134 Misc. 518); likewise, it is held that a complaint stating a cause of action in equity and also one at law is controlled by the statute applicable to the latter. (*Keys* v. *Leopold*, 241 N. Y. 189; *Matter of Kopytkiewicz*, 156 Misc. 297.) The motion is denied.