ABBOTT *v.* MICHIGAN STATE INDUSTRIES.

1. LIMITATION OF ACTIONS—CLAIMS AGAINST STATE—FORUM.

Since the board of State auditors had authority to examine and adjust all claims against the State not otherwise provided for by general law prior to the establishment of the court of claims, the statute of limitations was not prevented from running against alleged claim for breach of an alleged express or implied contract for use of a secret method or process in the stamping of metal products such as license plates and road signs for lack of a forum in which claim could be adjudicated (Const. 1908, art. 6, § 20; 3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941; Act No. 135, Pub. Acts 1939, as amended by Act No. 137, Pub. Acts 1941).

2. SAME—EXPRESS AND IMPLIED CONTRACTS.

The general six-year statute of limitations applies equally to commencement of actions on express or implied contracts (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941).

3. STATE—LIMITATION OF ACTIONS.

The same statute of limitations as is applicable to claims between private persons is available as a defense by the State against a private person's claim against it.

4. LIMITATION OF ACTIONS—CONTRACTS—ACCRUAL OF CAUSE OF ACTION.

Under alleged contract whereby petitioner was to receive one-half of the profits or savings effected by the State through use of his secret method or process for stamping metal products, his right of action against the State, if any, accrued within a reasonable time after the State had made use of such secret method and process and had realized profits or savings from such use and where statute of limitations has run since expiration of such reasonable time, action is barred (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941).

5. SAME—NATURE OF STATUTE.

> A statute of limitations is one of repose as well as one of presumption of payment.

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—LIMITATION OF ACTIONS—CLAIMS AGAINST STATE.

> Where cause of action, if any against State did exist, is barred by general statute of limitations, it is unnecessary to determine whether limitation imposed in court of claims act should be applied or to determine whether State can be held liable on alleged contract for share of profits or savings through use of petitioner's secret method or process for stamping metal products such as license plates and road signs (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941; Act No. 135, Pub. Acts 1939, as amended by Act No. 137, Pub. Acts 1941).

Appeal from Court of Claims; Toms (Robert M.), J., presiding. Submitted October 20, 1942. (Docket No. 55, Calendar No. 42,015.) Decided December 23, 1942.

Claim by Charles S. Abbott against State of Michigan and Michigan State Industries for profits acquired by the State from use of inventions and processes made by plaintiff. Claim denied. Plaintiff appeals. Affirmed.

*Frank C. Sibley,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Meredith H. Doyle* and *Daniel J. O'Hara,* Assistants Attorney General, for defendants.

BUSHNELL, J. Petitioner Charles S. Abbott sought recovery of $13,500,000 from defendants State of Michigan and Michigan State industries, which he describes as a department of the State of Michigan. Abbott recites in his petition that, prior to the 1st day of July, 1921, he "was and now is the first designer, originator, and sole owner of a

certain new improved and entirely distinctive method and secret process for stamping metal products; embodying among other improvements and salient features, a secret method and construction of equipment for the manufacture and production of metal plates and particularly, license plates for automobiles," that he disclosed this secret method and process to the State of Michigan through the Honorable Alex J. Groesbeck, then its governor, and the Honorable Coleman C. Vaughan, then its secretary of State, and that its use "was acquiesced in, agreed upon and adopted with the full knowledge and consent of the warden and board of control at the State prison at Jackson, Michigan," and that he installed or caused such machinery and equipment to be installed. He claims that the State obligated itself to pay him a substantial and reasonable share, to-wit: "one-half of the net profits and/or net savings that could be effected by the use of petitioner's secret method, machinery and equipment." He also claims the right to recover on an implied contract.

Abbott asserts that, since the making of this contract, the State has manufactured and produced approximately 20,000,000 sets of license plates on which it has saved, through the use of his secret method and process, at least $20,000,000, or $1 per set, and, in addition, has made a savings in the manufacture of road signs, et cetera, of $5,000,000.

The court granted defendants' motion to dismiss. This motion was urged upon the grounds that the supposed cause of action did not accrue to plaintiff at any time within three years next before the commencement thereof and that, by his long acquiescence, silence and delay, and his failure to bring his action until the filing of the petition herein, namely, October 30, 1941, plaintiff was guilty of laches, which bars any relief which he now seeks.

The court of claims act, Act No. 135, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 13862-1 *et seq.*, Stat. Ann. 1940 Cum. Supp. § 27.3548 [1] *et seq.*), provides in section 17, as amended by Act No. 137, Pub. Acts 1941 (Comp. Laws Supp. 1942, § 13862-17, Stat. Ann. 1942 Cum. Supp. § 27.3548[17]) that:

"Every claim against the State, cognizable by the court of claims, shall be forever barred unless the claim is filed with the clerk of the court or suit instituted thereon in Federal court as authorized in section 13, within 3 years after the claim first accrues."

On appeal, Abbott argues that defendant Michigan State industries was originally created by Act No. 150, Pub. Acts 1911 (3 Comp. Laws 1929, § 17614 *et seq.* [Stat. Ann. §§ 28.1461–28.1470]); repealed by Act No. 210, Pub. Acts 1935 (Comp. Laws Supp. 1935, § 17636–1 *et seq.*, Stat. Ann. § 28.1521 *et seq.*), and was authorized by the legislature, through the warden and board of control of the State prison at Jackson, "to use, purchase, * * * maintain buildings, machinery, * * * which may be necessary * * * for the manufacture of goods, wares, and merchandise," * and that its transactions with him created either an express or implied contract on which the State is obligated.

He denies that his claim is barred by any statute of limitations or by laches. He contends that no statute of limitations could begin to run upon his claim until the court of claims was established, because, until its establishment, there was no way in which his claim could be adjudicated.

Before the creation of the present court of claims, the board of State auditors had authority, under article 6, § 20, of the Constitution (1908), to "examine and adjust all claims against the State not

* From 2 Comp. Laws 1929, § 17615, as amended by Act No. 191, Pub. Acts 1933.—REPORTER.

otherwise provided for by general law.'' The court of claims was substituted by the legislature for the board of State auditors. See *Manion* v. *State Highway Commissioner,* 303 Mich. 1, writ of certiorari denied, 317 U. S. 677 (63 Sup. Ct. 159, 87 L. Ed. —). At all times there has been a forum in existence where Abbott's claim could be adjudicated.

The decisive question is whether Abbott's claim, founded either on an express or implied contract, is barred by the statute of limitations. 3 Comp. Laws 1929, § 13976, as last amended by Act No. 72, Pub. Acts 1941 (Comp. Laws Supp. 1942, § 13976, Stat. Ann. 1942 Cum. Supp. § 27.605), reads in part as follows:

''All actions in any of the courts of this State shall be commenced within 6 years next after the causes of action shall accrue, and not afterward.''

This statute applies equally to express or implied contracts.

In *McRae* v. *Auditor General,* 146 Mich. 594 (10 Ann. Cas. 594), the court said:

''No good reason is suggested for saying that the claim of a private person against the State should not be subject to the same statute of limitation that the same claim against another private person would be. On the contrary, the rule that the government may plead such statutes prevails generally.''

Petitioner's right of action, if any, accrued within a reasonable time after the State had made use of his ''secret method and process'' and had realized profits or savings from such use.

The court said in *Campbell* v. *Haverhill,* 155 U. S. 610, 617 (15 Sup. Ct. 217, 220, 39 L. Ed. 280, 283):

''Whatever prejudice there may have been in ancient times against statutes of limitations, it is a cardinal principle of modern law and of this court, that they are to be treated as statutes of repose,

and are not to be construed so as to defeat their obvious intent to secure the prompt enforcement of claims during the lives of the witnesses, and when their recollection may be presumed to be still unimpaired. As was said of the statute of limitations by Mr. Justice Story (*Bell* v. *Morrison,* 1 Pet. [26 U. S.] 351, 360 [7 L. Ed. 174, 178]) 'It is a wise and beneficial law, not designed merely to raise a presumption of payment of a just debt, from lapse of time, but to afford security from stale demands, after the true state of the transaction may have been forgotten, or be incapable of explanation, by reason of the death or removal of witnesses.' "

Our court said in *Buzzn* v. *Muncey Cartage Co.,* 248 Mich. 64:

"The purpose of these statutes is to deny a remedy to a party who has been unreasonably negligent in asserting his rights. Such statutes are founded not only on the presumption or probability that the claim asserted has been satisfied; but also on the inexpediency of permitting a stale claim to be prosecuted after long acquiescence. A statute of limitations is one of repose as well as one of presumption. *Jenny* v. *Perkins,* 17 Mich. 28."

And in *Mosher* v. *Borden,* 201 Mich. 106, 109, it was said:

" 'This court has repeatedly recognized the doctrine that while the statute of limitations is to be favorably regarded by the courts, as being one of repose as well as of presumption of payment, affording security against stale claims, yet injustice must not be done by an undue strictness of construction, nor the statute be defeated by such construction, but the legislative intent must be carried into effect.' "

The general statute of limitations has long since run from a reasonable time within which petitioner's claim, if any, accrued.

In view of the foregoing, it is unnecessary to apply the limitation imposed in the court of claims act or to determine whether the State can be held liable on the type of contract involved in the instant case.

The order dismissing the petition is affirmed, with costs to appellees.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.