Bentley Kassal, J.
On June 5,1970 the plaintiff pro se commenced this action against Manufacturers Hanover Trust (hereinafter called “ Manufacturers ”) to recover $344.26, the amount of an official check to his order issued 'by Manufacturers, which was paid to another upon the forged indorsement of the plaintiff’s name. Manufacturers interposed a general denial and the defense of Statute of Limitations and, in turn, served a third-party complaint against Atlantic Bank of New York (hereinafter referred to as “Atlantic”), which had cashed and presented the check to Manufacturers for payment. The check, which represented one of a series of reparation payments from the Austrian government, was dated June 22, 1964 and the check was concededly cashed and cleared in July, 1964.
The plaintiff testified, without being controverted, that the indorsement of his name was a forgery, without his knowledge or consent; further, that he had no knowledge of the issuance of the check until 1969, when his brother informed him that he should have received an additional payment during 1964.
The defendants have asserted, by way of an affirmative defense, that the plaintiff’s cause of action is barred by the Statute of Limitations, which is three years for conversion and thus had expired in 1967. Plaintiff, in substance, contends that the period of limitations did not begin to run until he had actually discovered the wrongful payment or conversion, which was not until 1969.
Reluctantly, I am constrained to agree with the defendants that the plaintiff’s suit is barred by the Statute of Limitations.
The plaintiff’s cause of action against Manufacturers, the drawee bank, is, as the parties agree, for conversion. (Uniform Commercial Code, § 3-419, subd. [1], par. [c]; Henderson v. Lincoln Rochester Trust Co., 303 N. Y. 27; Von Fricken v. Bankers Trust Co., 254 App. Div. 874.)
It is further conceded that the applicable period of limitations for an action in conversion is three years. (CPLR 214; Henderson, supra.)
It is also a well-established principle, now embodied in the Uniform Commercial Code, that a cause of action for conversion accrues when the conversion occurs and that a check is converted ‘ ‘ when * * * it is paid on a forged indorsement.” (Uniform Commercial Code, § 3-419, subd. [1], par. [c]; see, also, Henderson, supra.)
Furthermore, the Court of Appeals has noted that it is “ unquestionable ” that the Statute of Limitations in conver *689 sion actions is not tolled by mere ignorance or lack of discovery of the wrong. Unless the statute itself expressly provides that the cause of action does not accrue until the facts are discovered, such as in cases of fraud or breach of prospective warranty, the statutory period begins to run from the time of the wrong even though the injured party had no knowledge of its existence. (General Stencils v. Chiappa, 18 N Y 2d 125, 127, citing Guild v. Hopkins, 271 App. Div. 234, affd. 297 N. Y. 477; see, also, Varga v. Credit-Suisse, 5 A D 2d 289, affd. 5 N Y 2d 865.)
The discovery accrual provision of subdivision (f) of CPLB 203 is of no avail to the plaintiff, since it only comes into operation in a case where the applicable Statute of Limitations runs from discovery, actual or imputed; it is not intended to create a new standard of measure. (Commentary by Professor McLaughlin, McKinney’s Cons. Laws of N. Y., Book 7B, CPLB 203; Schwartz v. Heyden Newport Chem. Corp., 12 N Y 2d 212, 218-219; see, also, Monko v. St. John’s Queens Hosp., 41 Misc 2d 993; Seger v. Cornwell, 44 Misc 2d 994.)
Accordingly, judgment should be entered in favor of defendant, Manufacturers, dismissing the complaint and also in favor of defendant, Atlantic, on the cross claim of Manufacturers.