A. Franklin Mahoney, J.
This is a motion by the defendant for summary judgment dismissing the complaint on various grounds but principally because the action is time barred by the provisions of CPLR 214.
The plaintiffs allege that their names, as copayees, on a check for $1,300, were forged and, further, that defendant bank converted the proceeds by crediting the account of another copayee. The check for $1,300 was made on January 19,1965 and allegedly converted on the same date. This action was commenced June 20, 1968.
Section 3-419 (subd. [1], par. [e]) of the Uniform Commercial Code states as follows:
“ (1) An instrument is converted when 4fe" 4fc WWW
(c) it is paid on a forged endorsement. ’ ’
CPLR 214 states:
‘ ‘ The following actions must be commenced within three years:
*41. 45. TV TV
“2. an action to recover upon a liability, penalty or forfeiture created or imposed by statute except as provided in sections 213 and 215 *433 Clearly, an action in conversion must be commenced within three years. Equally as clear is the fact that a payee’s action against a drawee bank for paying out the proceeds of a check bearing the payee’s forged indorsement is not on contract but for conversion and the three-year Statute of Limitations applies (Henderson v. Lincoln Rochester Trust Co., 303 N. Y. 27). This well-established principle is not altered by the fact that the payee is a depositor in the drawee bank. Such a fact creates a contractual relationship between the depositor and bank only as to the funds of the depositor. Such a depositor has no contractual relationship with a drawee bank when he is a payee on an instrument drawn against funds other than his own. A bank has an implied contract with each of its depositors but no one depositor is a beneficiary of another depositor’s contractual relationship with the bank. This is not to say that a payee-depositor whose name is forged on a check drawn against another account in the same bank has no recourse against the bank; rather, it is to say his action is one in conversion and governed by the three-year Statute of Limitations. The case of Gibraltar Realty Corp. v. Mount Vernon Trust Co. (276 N. Y. 353) cited by plaintiff to support its contention that all depositors in a bank have a contractual relationship with that institution respecting all inter alia transactions, in my view, fully supports the conclusion reached by the court.
The action having been commenced more than three years after it came into being is time barred. Defendant’s motion summarily dismissing the complaint is granted.