A. Franklin Mahoney, J.
The defendant bank moves for summary judgment dismissing the complaint on several grounds. *434 The court will consider only the issue of the timeliness of the action.
The complaint states that on January 23, 1964 a check in the amount of $2,600 was issued on which the plaintiffs and a third corporate party were copayees; that plaintiffs’ indorsements were forged and, further, on January 31, 1964 the defendant collecting bank wrongfully disposed of the proceeds by crediting the account of the corporate payee. This action was commenced July 10,1970.
The defendant bank assigns two reasons for granting its motion. The first, subdivision (3) of section 3-419 of the Uniform Commercial Code, which statutorily immunizes a collecting bank from liability to the true owner of a negotiable instrument where said bank has dealt with the instrument in good faith and in accordance with the reasonable commercial standards, is not applicable herein since the transaction before the court predates the effective date of subdivision (3) of section 3-419 of the Uniform Commercial Code. This does not mean that the statutory mandate is not a codification of decisional law contemporaneous with the transaction herein; rather, it means that a statute prospective in thrust should not be applied to antecedent facts.
The second ground urged by the defendant is that the action is in contract and must be dismissed since it was not commenced within six years of its inception (CPLR 213, subd. 2). The defendant is correct in this contention.
This action is against a collecting bank as distinguished from a drawee bank. If the action .were against the latter institution it would be in conversion and governed by a yet shorter statute (Uniform Commercial Code, § 3-419, subd. [1], par. [c]). Where, however, the action is against a collecting bank that paid out proceeds of a negotiable instrument on forged indorsements, the action is in contract and governed by the six-year statute. The Court of Appeals in Henderson v. Lincoln Rochester Trust Co. (303 N. Y. 27, 32, 33) quotes 9 Corpus Juris Secundum as follows:
‘ ‘ ‘ Where a collecting bank cashes a check on a forged instrument, a different principle applies; there the bank in collecting the check holds the proceeds for the payee, thereby establishing a privity and permitting the payee to maintain an action against such bank for the amount of the check, if he elects to ratify the collection. ’ ” The Henderson case is also authority for the position that such an action must be commenced within six years after the wrongful payment.
*435 The within action is time barred by the provisions of CPLR 213 (subd. 2). The defendant’s motion for summary judgment dismissing the complaint is granted.