OPINION OF THE COURT
Gerard E. Delaney, J.
During the period February to April, 1973, several checks— drawn on plaintiff — subrogor’s account with defendant were stolen and forged by a third party, and then cashed by defendant, resulting in an alleged loss to plaintiff subrogee of $7,434.52. The instant action was commenced in June, 1978. Defendant urges that the action is barred by the Statute of Limitations pursuant to CPLR 3211 (subd [a], par 5). Plaintiff’s theory is breach of contract in that defendant bank paid the forged checks and withdrew plaintiff’s funds without permission or consent of plaintiff.
The action for breach of contract must normally be commenced within six years (CPLR 213, subd 2), unless it is a contract for sale (Uniform Commercial Code, § 2-725). It would appear that defendant in cashing the allegedly forged checks, acted as the plaintiff’s drawee bank. While such an action may have initially also been in conversion under section 3-419 (subd [1], par [c]) of the Uniform Commercial Code, since plaintiff need not be put to the task of election of his remedies (CPLR 3002, subd [c]) to the preclusion of his contract action, the contract action is timely within the statutory period. The conversion action would have been barred. (CPLR 214; three-year time limitation see Gerber v Manufacturers Hanover Trust, 64 Misc 2d 687; cf. Forman v First Nat. Bank of Woodridge, 66 Misc 2d 433.)
Defendant contends, however, its "affirmative defense” of *717 the Statute of Limitations is based on subdivision (4) of section 4-406 of the Uniform Commercial Code, which states: "(4) Without regard to care or lack of care of either the customer or the bank a customer who does not within one year from the time the statement and items are made available to the customer (subsection [1]) discover and report his unauthorized signature or any alteration on the face or back of the item or does not within three years from that time discover and report any unauthorized indorsement is precluded from asserting against the bank such unauthorized signature or indorsement or such alteration.” (Emphasis added.) Defendant’s agent Mr. Kavanaugh, vice-president of defendant bank, admits that during the spring of 1973, plaintiff complained to him of "unexplained overdrafts, and letters were exchanged between the parties in May and June, 1973.” Plaintiff states the forgeries were "discussed” with Mr. Kavanaugh on or about May 2, 1973.
Whatever form of "report” which may have been given to defendant by plaintiff of possible forgeries, this court finds no merit in defendant’s implicit contention that such a "report” need have been in the form of a "customary affidavit of forgeries or any other notice” — subdivision (4) of section 4-406 of the Uniform Commercial Code is not so circumscribed so as to describe the form of the report of forgery to the bank.
It is noted that plaintiff has alleged both unauthorized signatures and indorsements on the checks involved. "[T]he drawer’s remedy when a forged indorsement is involved is to proceed against the drawee bank.” (Underpinning & Foundation Constructors v Chase Manhattan Bank, 61 AD2d 628, 629-630.)
Plaintiff terms the one-year and three-year periods prescribed in subdivision (4) of section 4-406 of the Uniform Commercial Code as being "not a statute of limitations but a condition precedent to asserting a claim against the bank for honoring an unauthorized signature”. This court agrees, to the extent that fírst, the contract action must be within the six-year period, and the contract action itself would be barred if no subdivision (4) of section 4-406 of the Uniform Commercial Code "report” was given.
By adopting that provision of subdivision (4) of section 4-406 of the Uniform Commercial Code, New York took note of special circumstances in the banking profession. Subdivision (4) of section 4-406 of the Uniform Commercial Code "places *718 an absolute time limit on the right of a customer to make claim for payment of altered or forged paper”. (Official Comment, Purposes: par 5; emphasis added; cf. Board of Higher Educ. v Bankers Trust Co., 86 Misc 2d 560, 564.)
The only real issue is whether a "report” of the forgeries was given by plaintiff to defendant within the applicable limits. This is a question of fact.
Defendant concedes that such a motion to dismiss may be treated as one for summary judgment (CPLR 3211, subd [c]); and this court treats it as such. Plaintiff has, as indicated above, shown a true issue of fact, i.e., the "report”. The motion for summary judgment is denied.
So ordered.