INSURANCE COMPANY OF NORTH AMERICA v
MANUFACTURERS BANK OF SOUTHFIELD, NA

Docket No. 62062. Submitted December 20, 1982.—Decided May 20, 1983.

Insurance Company of North America (INA) and the Hartford Insurance Company each issued fidelity insurance policies to Anchor National Life Insurance Company, insuring Anchor against losses resulting from employee dishonesty. Anchor subsequently filed claims with INA and Hartford for loss in connection with three checks that the Manufacturers Bank of Southfield, N.A. paid on forged indorsements of an agent of Anchor. INA and Hartford paid the claims of Anchor and were assigned the right to subrogate against Manufacturers Bank. INA and Hartford brought suit in Oakland Circuit Court against Manufacturers Bank for the amount of the three checks with forged indorsements paid by the defendant. The court, Hilda R. Gage, J., granted accelerated judgment for the defendant based on the three-year period of limitation for actions involving injury to persons or property. The plaintiffs appealed alleging that the trial court erred because (1) payment of a check on a forged indorsement is not an injury to persons or property within the meaning of the statute providing for a three-year limitation period, (2) they should have been allowed to assert their contract claim so that the action would be within the six-year limitation period for contract actions, and (3) even if the case involved injury to property, accelerated judgment should not have been granted because the suit was started less than three years after the forgery was discovered. *Held:*

1. The trial court did not err in finding that payment of a check on a forged indorsement is an injury to persons or

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 12 Am Jur 2d, Bills and Notes §§ 1038, 1044.
    18 Am Jur 2d, Conversion § 76.
    51 Am Jur 2d, Limitation of Actions § 124.
[3] 18 Am Jur 2d, Conversion § 1.
[4] 51 Am Jur 2d, Limitation of Actions § 101.
[5] 15A Am Jur 2d, Commercial Code § 3.

property within the meaning of the statute defining a limitation period. Payment on a forged indorsement is an injury to property where the action is for conversion or even implied contract.

2. Payment on a forged indorsement is injury to property and the three-year period of limitation, not the six-year period, applies, even where suit is brought on an implied contract theory.

3. Plaintiffs' claim that accelerated judgment should not have been granted because the suit was brought less than three years after the forgery was discovered is without merit. The period of limitation began to run when the checks were paid on the forged indorsement, not when the forgery was discovered.

Affirmed.

M. J. KELLY, J., concurred separately. He agreed that the plaintiffs' claim was governed by the three-year period of limitation rather than the six-year period for contract actions. He suggested that the Supreme Court review the issue because Michigan law differs from that of many jurisdictions on the issue, which is contra to the purpose of the Uniform Commercial Code.

### OPINION OF THE COURT

1. LIMITATION OF ACTIONS — NEGOTIABLE INSTRUMENTS — CHECKS — INJURY TO PROPERTY.

Payment on a forged indorsement on a check is an injury to property within the meaning of the statute limiting actions for damages for injuries to property to three years (MCL 600.5805[8]; MSA 27A.5805[8]).

2. LIMITATION OF ACTIONS — CHECKS — FORGED INDORSEMENTS.

The period of limitation for an action based on the payment on a check with a forged indorsement begins to run when the check is paid, not when the forgery is discovered (MCL 600.5805[8]; MSA 27A.5805[8]).

### CONCURRENCE BY M. J. KELLY, J.

3. CONVERSION — INJURY TO PROPERTY.

*A conversion is within the legal concept of an injury to property.*

4. LIMITATION OF ACTIONS — IMPLIED CONTRACT.

*An implied contract theory is subject to the same three-year period of limitation applicable to other actions initiated to recover damages for injury to persons or property where the*

*nature of an action to recover damages for injury to property is a duty imposed by law.*

5. STATUTES — UNIFORM COMMERCIAL CODE.

   *A major purpose of the Uniform Commercial Code is to make uniform the law among the various jurisdictions.*

*Surridge, Afton, Young & Taylor* (by *C. Bruce Taylor),* for plaintiffs.

*Schier & Deneweth, P.C.* (by *Ronald A. Deneweth),* for defendant.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and J. GRAVES, JR.,* JJ.

PER CURIAM. Plaintiffs commenced this action against defendant Manufacturers Bank of Southfield, N.A., to recover, as subrogee of the payee, the amount of three checks paid by defendant on forged indorsements. The trial court granted defendant's motion for accelerated judgment brought pursuant to GCR 1963, 116.1(5), on the ground that plaintiffs' action was barred by the period of limitation under MCL 600.5805(8); MSA 27A.5805(8). Plaintiffs appeal the trial court's decision as of right.

Plaintiffs' complaint alleged that plaintiffs issued fidelity insurance policies to Anchor National Life Insurance Company (ANLIC) to insure ANLIC against losses resulting from employee dishonesty. Pursuant to those policies, ANLIC made claims to plaintiffs for the loss of $98,391 in connection with checks that defendant bank paid on the forged indorsements of Robert Corsaut, an agent of ANLIC. Plaintiffs paid the claims of ANLIC and were assigned the right to subrogate against defendant.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

At the hearing on the motion for accelerated judgment, the trial court confronted the issue of whether the three-year period of limitation MCL 600.5805(8); MSA 27A.5805(8), or the six-year period of limitation, MCL 600.5813; MSA 27A.5813, should apply to plaintiffs' action. Relying on *Continental Casualty Co v Huron Valley National Bank,* 85 Mich App 319; 271 NW2d 218 (1978), the trial court held that plaintiffs' action was barred by the three-year period of limitation.

Plaintiffs first argue on appeal that payment of a check on a forged indorsement is not an injury to persons or property within the meaning of MCL 600.5805(8); MSA 27A.5805(8). We reject this argument. In *Continental Casualty, supra,* this Court held that payment on a forged indorsement was an injury to property where the action was for conversion. *Continental Casualty, supra,* p 324. The dissenting opinion in that case agreed with that part of the majority opinion. Further, the majority opinion assumed that the injury was to property if the action was based upon an implied contract theory. *Continental Casualty, supra,* p 325.

MCL 440.3419(1)(c); MSA 19.3419(1)(c) provides in relevant part:

"Sec. 3419. (1) An instrument is converted when

\* \* \*

"(c) it is paid on a forged indorsement."

Paragraph 3 of that section further provides:

"(3) Subject to the provisions of this act concerning restrictive indorsements on a representative, including a depositary or collecting bank, who has in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf

of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands."

Regardless of whether the "not liable in conversion or otherwise" language of ¶ 3 allows an action in contract, or not, Official UCC Comments 2 and 3 to MCL 440.3419; MSA 19.3419 indicate that payment on a forged indorsement is an injury to property:

"2. A negotiable instrument is the property of the holder. It is a mercantile specialty which embodies rights against other parties, and a thing of value. This section adopts the generally recognized rule that a refusal to return it on demand is a conversion. The provision is not limited to drafts presented for acceptance, but extends to any instrument presented for payment, including a note presented to the maker. The action is not on the instrument, but in tort for its conversion.

\* \* \*

"3. Subsection (1)(c) is new. It adopts the prevailing view of decisions holding that payment on a forged indorsement is not an acceptance, but that even though made in good faith it is an exercise of dominion and control over the instrument inconsistent with the rights of the owner, and results in liability for conversion."

See also White & Summers, Uniform Commercial Code (1980), § 15-4, pp 585-586.

Plaintiffs next argue that they should have been allowed to assert their contract claim so that their action would, therefore, be within the six-year period of limitation provided in MCL 600.5807(8); MSA 27A.5807(8) or MCL 600.5813; MSA 27A.5813. Plaintiffs assume that the majority opinion in *Continental Casualty* held that the plaintiff's only remedy in that case was under a conver-

sion theory. However, a close reading of the majority's decision indicates that it did not hold that an implied contract theory could not be raised, but rather that an action in implied contract is still controlled by the three-year period of limitation where the action is for injury to property. The court stated:

"Even if plaintiff's 'implied contract' theory had been properly raised below and even assuming the theory has merit, we would still conclude plaintiff's action is barred by the three-year statute of limitations. Where, as here, there is no express contract or express promise and defendant's liability, if any, is implied by law, an action for injury to persons or property is controlled by the three-year statute regardless of whether the action is labeled as one in tort or implied contract. *Huhtala v Travelers Ins Co,* 401 Mich 118; 257 NW2d 640 (1977), *Case v Goren,* 43 Mich App 673, 682; 204 NW2d 767 (1972)." 85 Mich App 325.

Since payment on a forged indorsement is injury to property, the three-year statute of limitations applies where suit is brought on an implied contract theory. *Huhtala v Travelers Ins Co,* 401 Mich 118, 126-127; 257 NW2d 640 (1977).

Plaintiffs' final argument is that, even if this case involves an injury to property, accelerated judgment should not have been granted because the suit was started less than three years after the forgery was discovered. Plaintiffs' argument is meritless because the period of limitation begins to run when the checks are paid on the forged indorsement, not when the forgery is discovered. *Continental Casualty, supra,* p 325. Application of a date of discovery rule to actions by a payee to recover for payment on a forged indorsement would frustrate the strong public policy of finality

in commercial transactions. *Fuscellaro v Industrial National Corp,* 368 A2d 1227 (RI, 1977).

Affirmed.

M. J. KELLY, J. *(concurring).* I agree that under Michigan case law plaintiffs' claim is governed by the three-year period of limitation provided in MCL 600.5805(8); MSA 27A.5805(8) for injuries to persons or property rather than by a six-year period of limitation.[1] I do so reluctantly and write separately to discourage further reliance on my dissenting opinion in *Continental Casualty Co v Huron Valley National Bank,* 85 Mich App 319, 326-332; 271 NW2d 218 (1978), until such time as the Supreme Court directly addresses this issue.

Michigan case law recognizes that a conversion is within the legal concept of an injury to property. See, *e.g., Probst v Jones,* 262 Mich 678; 247 NW 779 (1933); *Money Corp v Draggoo,* 274 Mich 527; 265 NW 452 (1936).[2] When a bank collects proceeds of a check which it received over the payee's forged endorsement, however, the payee may proceed against the bank in contract rather than in conversion to recover the proceeds. For an analysis supporting the payee's right to sue under an implied contract theory rather than in tort, see my dissenting opinion in *Continental Casualty Co,* which analysis I reaffirm.[3] Where I deem it neces-

---

[1] A six-year period of limitation for a payee's implied contract action against a collecting bank can be drawn from both MCL 600.5807(8); MSA 27A.5807(8) and MCL 600.5813; MSA 27A.5813.

[2] As I noted in *Continental Casualty Co,* other jurisdictions differ as to whether a conversion is an injury to property. Compare, *e.g., Side v Thompson,* 205 NYS2d 240, 241 (1960), with *Spangenberg v Spangenberg,* 123 Cal App 387; 11 P2d 408, 409 (1932).

[3] Subsequent to my decision in *Continental Casualty Co,* New York's highest state court decided in accord that a payee may disregard his tort remedies and sue a collecting bank in contract for collecting funds on a check over the payee's forged endorsement. See *Hechter v New York Life Ins Co,* 46 NY2d 34; 385 NE2d 551 (1978).

sary to part from my earlier views in *Continental Casualty Co,* is in determining which period of limitation is applicable to a payee's implied contract theory.

In *Continental Casualty Co,* I relied on *Abbott v Michigan State Industries,* 303 Mich 575, 579; 6 NW2d 900 (1942), where the Supreme Court stated that the six-year period of limitation "applies equally to express or implied contracts". Regrettably, however, I did not tackle the following dicta of the Supreme Court appearing in *Huhtala v Travelers Ins Co,* 401 Mich 118, 126-127; 257 NW2d 640 (1977):[4]

"Where the nature and origin of an action to recover damages for injury to persons or property is a duty imposed by law, this Court has held that it cannot be maintained on a contract theory when commenced beyond the three-year period."

This statement by the Supreme Court is dicta, as the Court went on in *Huhtala* to find an express contract and applied a six-year period of limitation. Nevertheless, under the predicate cases discussed by the Supreme Court in *Huhtala,* it follows that under Michigan case law where the nature of an action to recover damages for injury to property is a duty imposed by law, an implied contract theory is subject to the same three-year period of limitation applicable to other actions initiated to recover damages for injury to persons or property.

[4] My failure to distinguish *Huhtala* was subsequently flagged by Professor Harris at Harris, *Commercial Transactions, 1979 Annual Survey of Michigan Law,* 26 Wayne L Rev 469, 496, fn 163 (1980). Professor Harris expressly declined, however, to comment on whether a six- or a three-year period of limitations should be applied to a payee's implied contract action against a bank which collected the proceeds of a check over the payee's forged endorsement.

In the instant case, the implied contract theory advanced by plaintiff arose from a duty imposed by law, not by agreement. Since under Michigan law the conversion of a payee's check results in an injury to property, the payee's implied contract theory is governed by the three-year period of limitation generally applicable only to tort actions.

Such a result, of course, puts Michigan at odds with other jurisdictions. As noted by the majority in *Continental Casualty Co, supra,* p 324:

"A major purpose of the Uniform Commercial Code is to 'make uniform the law among the various jurisdictions'. MCL 440.1102(2)(c); MSA 19.1102(2)(c). In this day of sophisticated interstate commercial transactions, a major purpose of the Code would be undermined if identical conversion actions were subject to widely varying statutes of limitation from state to state."

Yet in *Hechter v New York Life Ins Co,* 46 NY2d 34; 385 NE2d 551 (1978), New York's highest court held that a payee suing a collecting bank under an implied contract theory is entitled to the benefit of the six-year period of limitation governing contracts rather than the three-year limitation period applicable to torts. Thus, contrary to a goal of the Uniform Commercial Code, Michigan's common law compels a result different from that found in one of the banking centers of America.

I suggest that the Supreme Court review this issue. It seems absurd that Michigan applies a statute of limitations intended to be applicable to torts, see the committee's comments to MCL 600.5805; MSA 27A.5805, to actions brought for breach of contract. Nevertheless, the Supreme Court's analysis in *Huhtala* is applicable to the instant facts and we must abide by that analysis unless and until the Supreme Court addresses the issue further.